**BARR LABORATORIES, INC., Plaintiff,**

v.

**KOS PHARMACEUTICALS, INC., Defendant.**

**No. 02 CIV. 1683.**

United States District Court, S.D. New York.

March 28, 2005.

See also 293 F.Supp.2d 370.

Brian L. Franklin, George Lombardi, James Francis Hurst, Kevin J. O'Shea, Lynn M. Ulrich, Marlon D. Moffett, Stephanie S. McCallum, Taras A. Gracey, Winston & Strawn LLP, Chicago, IL, Brian R. Pollack, Winston & Strawn, LLP, New York, NY, for Plaintiff.

## DECISION AND ORDER

MARRERO, District Judge.

On March 7, 2005, Kos Pharmaceuticals, Inc. ("Kos") filed a motion for a preliminary injunction and temporary restraining order against Barr Laboratories, Inc. ("Barr") to prevent Barr from beginning sale of its generic version of Kos's drug Niaspan® [1] after the Food and Drug Administration ("FDA") lifts the automatic 30–month stay, issued pursuant to the Hatch–Waxman Act at 21 U.S.C. § 355(j), on its approval of Barr's abbreviated new drug application ("ANDA") for the generic version of Niaspan. Barr opposed Kos's motion and submitted a memorandum of law in support of its position on March 14, 2005. Kos replied to Barr's opposition on March 16, 2005.

The Court scheduled a hearing on the motion for March 18, 2005. On March 17, 2005, Kos filed an unopposed motion by letter to the Court to close the Courtroom for the duration of the hearing due to the sensitive and confidential nature of the business and trade secret information that would be presented by both parties as a part of their oral argument.

For the reasons set forth in the statement made by the Court on the record at the March 18, 2005 Hearing, as further elaborated upon in the Statement of the Court which is attached hereto and incorporated herein, the Court denies Kos's Motion.

Accordingly, it is hereby

ORDERED that Kos Pharmaceuticals, Inc.'s ("Kos") motion to close the Courtroom during the hearing on its motion for a preliminary injunction and temporary restraining order is DENIED.

**SO ORDERED.**

ATTACHMENT

### KOS PHARMACEUTICALS, INC. V. BARR LABORATORIES, INC.,

### 02 CV 1683

### Statement of Court Denying Kos's Motion to Close the Courtroom

### March 18, 2005

MARRERO, District Judge.

The plaintiff in this case, Kos Pharmaceuticals, Inc. ("Kos"), has requested that the Court close today's hearing to the public on the grounds that "highly sensitive, confidential business and trade secret information of both parties will be discussed." (Letter from Joseph M. O'Malley, Jr. to Judge Marrero, dated March 17, 2005 ("O'Malley Letter").) The Second Circuit has held that "the First Amendment . . . secure[s] to the public and to the press a right of access to civil proceedings." *Huminski v. Corsones,* 396 F.3d 53, 82 (2d Cir.2005) (quoting *Westmoreland v. Columbia Broadcasting System, Inc.,* 752 F.2d 16, 22 (2d Cir.1984)) (quotation marks omitted). In order to overcome the presumption of access created by this right, the party seeking closure must demonstrate "a substantial probability of prejudice to a compelling interest" of one of the parties or of a third party, which closure would prevent.[2] *Id.* at 86 (quoting

---

**1.** The Court acknowledges that Niaspan is the registered trade name for the drug produced by Kos and at issue in this case. The Court will not, however, indicate this registration in subsequent references to the trade name in this discussion.

**2.** Although this test is derived from a case that considered the public's access to crimi-

*United States v. Doe*, 63 F.3d 121, 128 (2d Cir.1995)) (quotation marks omitted). "The quantum of prejudice that the movant must show increases the more extensive the closure sought would be. 'When limited closure ... is at issue, the prejudice asserted need only supply a substantial reason for closure. When the closure sought is total or nearly so, the district court must find the prejudice to be overriding.' " *Id.* (quoting *Doe*, 63 F.3d at 129).

In this case, Kos seeks closure of the entire preliminary injunction hearing. (*See* O'Malley Letter at 2.) In addition, the reasons cited by Kos in support of its motion for closure of this hearing would presumably apply to the entire remainder of the case, including any *Markman* hearing, arguments on dispositive motions, the trial itself and possibly even the court's written rulings on any of these proceedings. Therefore, Kos must demonstrate that the prejudice that would result from an open proceeding is "overriding." Finally, a court must " 'consider whether alternatives [are] available to protect the interests of the persons that the ... court's orders [seek] to guard' for a closure to be found constitutional." *Huminski*, 396 F.3d at 86 (quoting *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 511, 104 S.Ct. 819, 78 L.Ed.2d 629 (1986)).

The Court is not persuaded in this case that there is an overriding reason to close the proceedings. As a threshold matter, the Court offers some contextual observations. First, this litigation concerns rights

under patents, which by definition entail information already in governmental archives and in the public domain concerning much of the composition of the product, the process, and the technology that are in dispute, and thus could not be classified as trade secrets. Second, the Court must consider claims asserted by two private parties to maintain the confidentiality of alleged trade secrets—an interest of, at best, arguable constitutional underpinnings. Those interests must be weighed against the right of the public to open courtroom proceedings for adjudication of civil disputes, especially controversies in which public interests may be at stake—an interest which does indeed find incontestable grounding in constitutional protections of free speech. In such a conflict there can be no room for doubt as to which interests are the more compelling and thus whose rights must prevail. As is the case of any private dispute brought to court, the parties here chose a quintessentially public forum to air and resolve their differences. If risks inhere in such a course of action, if the parties fear what judicial proceedings may reveal about their private or business affairs, the consequences must be borne by the litigants, not by the public.

Third, the Court must consider what the parties seek to protect from public disclosure here. The shield asserted would include a definition of trade secrets encompassing, for instance, the potential profits that may be lost to the parties and the number of employees whose jobs may be affected by an adverse decision in this case. Against a claim to this expansive

nal, rather than civil, proceedings, *United States v. Doe*, 63 F.3d 121, 128 (2d Cir.1995), and uses language that is specific to criminal proceedings, referring to "a compelling interest of the defendant, government, or third party," the Second Circuit applied the test in *Huminski* to uphold the plaintiff's right of

access to criminal as well as civil proceedings. In addition, the right of access that the court discussed in *Huminski* emanates from the First Amendment, rather than the Sixth Amendment, and hence should apply equally to criminal and civil cases.

cloak, the Court must assess the rule governing countless other actions, both civil and criminal, that entail public disclosure of extraordinarily sensitive personal information—for example, the identity of persons charged with sexual misconduct, or of those who are witnesses to egregious crimes or file accusations of serious wrongdoing. In these circumstances, the individuals involved may face real dangers, threats that may place personal life and liberty interests on the line, and against which those asserted here pale by comparison. Nonetheless, those cases are routinely litigated in open court. It would render the courthouse into a private secret chamber, and make a travesty of the public's right to open judicial proceedings, if the potential ill-effects associated with all of these common litigation risks were deemed reason enough to close the courtroom.

Although the Court signed a protective order sealing the parties' written submissions, that fact does not imply that the hearing on those submissions should be closed. On the contrary, the Court finds that, because the parties have already provided the court with detailed statements of their positions, it is not necessary for them to refer extensively to specific facts in today's hearing, the exposure of which the parties may deem to be damaging. In particular, the Court finds that the issues presented in this hearing may be argued adequately without disclosure of trade secrets or of the specific confidential business information to which Kos refers in its letter to the Court.

In addition, should the parties find that the publicity of the Court prevents them from making material arguments today or from citing crucial facts, they may explain those arguments and point out those facts to the court in written submissions filed under seal after the hearing.

For these reasons, the Court denies Kos's motion to close the courtroom for today's hearing.